Roy F. MILLS, et al.

v.

INTERNATIONAL HARVESTER CO.,
et al.

Civ. No. Y–82–2558.

United States District Court,
D. Maryland.

Nov. 17, 1982.

S. Michael Floam, Baltimore, Md., and Wallace Kleid, Towson, Md., for plaintiffs.

Edward S. Digges, Jr., and Robert Dale Klein, Baltimore, Md., for defendant Intern. Harvester Co.

M. Natalie McSherry, Baltimore, Md., for defendant M & R Equipment, Inc.

## MEMORANDUM AND ORDER

JOSEPH H. YOUNG, District Judge.

Plaintiffs bring this wrongful death action on counts of negligence, strict liability, and breach of express and implied warranties. Defendant International Harvester

Co. has moved pursuant to Fed.R.Civ.P. 56(b) for partial summary judgment on the grounds that the applicable statute of limitations bars a cause of action based on a warranties theory. For the reasons outlined below, the Court finds defendant's motion to be well taken and limits this action to the counts of negligence and strict liability.

Summary judgment applies when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The relevant facts are undisputed and can be summarized briefly. Tolle Brothers, employer of plaintiff's decedent Mark Mills, purchased an International Harvester tractor from C.H. Manifold, Inc. in New Park, Pennsylvania on February 3, 1970. Mark Mills was fatally injured while riding the tractor in Baltimore County, Maryland, on October 20, 1981. Alleging that the fatality would have been avoided had the tractor been equipped with a roll bar, plaintiffs assert that both the manufacturer International Harvester and the dealer M & R Equipment[1] breached express and implied warranties to Mark Mills, a supposed third party beneficiary of the sale to Tolle Brothers.

■ Since the present case is an exercise of this Court's diversity jurisdiction, 28 U.S.C. § 1332, the threshold legal inquiry is one of choice of law. While a statute of limitations question is at issue here, the Supreme Court long ago held that the general doctrine of *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), fully applies to the statute of limitations area. *Guaranty Trust Co. v. York,* 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945). Consequently, this Court must turn to the choice of law rules of its forum state, Maryland. *Klaxon Co. v. Stentor Electrical Manufacturing Company,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). While the extent and effect of a warranty would ordi-

narily be controlled by the law of Pennsylvania, the state of the sale, *Frericks v. General Motors Corp.,* 278 Md. 304, 307, 363 A.2d 460 (1976); *Volkswagen of America v. Young,* 272 Md. 201, 220, 321 A.2d 737 (1974), Maryland law governs the applicability of a statute of limitations, *Doughty v. Prettyman,* 219 Md. 83, 88, 148 A.2d 438 (1959); *Taggart v. Wachter,* 179 Md. 608, 624, 21 A.2d 141 (1941); *see* Restatement (Second) of Conflict of Laws §§ 142–43 (1971) (action always barred if barred by statute of limitations of forum state).

■ As the alleged warranties arise out of a transaction in goods, Title 2 of the Maryland Commercial Law (Maryland statutory enactment of Article 2 of the Uniform Commercial Code) is applicable. Md. Com.Law Code Ann. § 2–102 (1975). § 2–725 of that Title provides in relevant part:

(1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitations to not less than one year but may not extend it.

(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

Md.Com.Law Code Ann. § 2–725 (1975). § 2–725 means just what it says: a warranty action must be brought within four years of the tender of the goods forming the basis of the warranty. *Phipps v. General Motors Corp.,* 278 Md. 337, 350, 373 A.2d 955 (1976). § 2–725 fully applies to third party beneficiary warranty rights created by Md.

---

1. While Tolle Brothers bought the tractor from C.H. Manifold, Inc., plaintiffs maintain the current suit against M & R Equipment, Inc., perhaps because some members of the Manifold family had some relationship with both entities.

Since partial summary judgment would be granted on the warranty count even if M & R is an appropriate defendant in the present case, the Court makes no intimation on whether an action against M & R can be sustained.

Com.Law Code Ann. § 2–318 (1975). *Frericks v. General Motors Corp.*, 278 Md. 304, 316, 363 A.2d 460 (1976). As C.H. Manifold tendered delivery of the tractor in 1970, § 2–725 bars a warranty action brought in 1982 when plaintiffs make no allegation that the warranty expressly extended the statutory period.

Plaintiffs understandably point to the statute of limitations in the Maryland wrongful death statute, which allows actions to be brought up to three years after a decedent's death. Md.Cts. & Jud.Proc.Code Ann. § 3–904(f) (1980 Replacement Volume). However, Md.Cts. & Jud.Proc.Code Ann. § 3–902(a) (1980 Replacement Volume) limits a wrongful death action to one for the "wrongful act" of another, and Md. Cts. & Jud.Proc.Code Ann. § 3–901(e) (1980 Replacement Volume) defines a "wrongful act" as one "which would have entitled the party injured to maintain an action and recover damages if death had ensued." [2] Since Md.Com.Law Code Ann. § 2–725 (1975) clearly would have barred a warranty action by Mills had he survived, the language of § 3–901(e) indicates that his parents should not fare any better than he would have. A contrary interpretation of § 3–901(e) would run afoul of the long standing Maryland doctrine that the wrongful death statute is in derogation of the common law and hence should be construed narrowly. *See, e.g., McKeon v. State, Use of Contrad,* 211 Md. 437, 443, 127 A.2d 635 (1956).

Similarly, plaintiffs' reliance on *Poffenberger v. Risser,* 290 Md. 631, 431 A.2d 677 (1981) is misplaced. *Poffenberger* held that a cause of action under the general Maryland statute of limitations, Md.Cts. & Jud. Proc.Code Ann. § 5–101 (1980 Replacement Volume), accrues when the plaintiff in fact knew or reasonably should have known of the wrong. *Poffenberger,* 290 Md. at 636, 431 A.2d 677. However, § 5–101 by its own wording does not apply when "another provision of the Code provides a different peri-od of time within which an action shall be commenced." Md.Com.Law Code Ann. § 2–725 (1975) certainly constitutes "another provision of the Code" which "provides a different period of time." Consequently, *Poffenberger* construes a statute inapplicable here. It should be noted that the *Poffenberger* court prefaced its analysis with the observation that "[t]here being an absence of statutory direction, the question when an action accrues is left to judicial determination." *Poffenberger,* 290 Md. at 633, 431 A.2d 677. § 2–725(2) indicates that no "absence of statutory direction" exists in the present case.

For the reasons stated herein, it is this 17th day of November, 1982, by the United States District Court for the District of Maryland, ORDERED:

1. That partial summary judgment BE, and the same IS, hereby ENTERED in favor of defendants on Count III of plaintiff's complaint; and

2. That the Clerk be directed to mail a copy of this Memorandum and Order to counsel for the parties.

---

**2.** As this motion may be resolved solely on statute of limitations grounds, the Court intimates no opinion on whether a breach of warranty actually does constitute a "wrongful act" within the meaning of § 3–901(e).