**Helen BINNIX, Individually and to the use of Edward W. Binnix, Jr. to the use of Nancy Binnix**

v.

**JOHNS–MANVILLE PRODUCTS CORPORATION, Johns-Manville Sales Corporation, Celotex Corporation, Unarco Industries Inc., Keene Building Products Corp., GAF Corporation, Owens-Corning Fiberglas Corporation, Raybestos-Manhattan, Inc., Eagle-Picher Industries, Pittsburgh Corning Corporation and Owens-Illinois, Inc.**

**Civ. A. No. M–80–1176.**

United States District Court, D. Maryland.

Sept. 20, 1984.

James J. Fabian and Pfeifer & Fabian, P.A., Baltimore, Md., and Antonio D. Pyle and Henderson & Goldberg, P.C., Pittsburgh, Pa., for plaintiffs.

H. Emslie Parks, John W. Geldmacher and Wright & Parks, Baltimore, Md., for defendant Celotex Corp.

Donald A. Krach and Niles, Barton & Wilmer, Baltimore, Md., for defendant Keene Building Products Corp.

Jervis S. Finney and Ober, Grimes & Shriver, Baltimore, Md., for defendant GAF Corp.

James R. Eyler, Baltimore, Md., for defendant Owens-Corning Fiberglas Corp.

Paul Walter and Tydings & Rosenberg, Baltimore, Md., for defendant Raybestos-Manhattan, Inc.

Michael B. Mann and Merriman, Crowther & Merriman, Baltimore, Md., for defendant Eagle-Picher Industries.

M. Bradley Hallwig and Anderson, Coe & King, Baltimore, Md., for defendant Pittsburgh Corning Corp.

Thomas N. Biddison, Jr. and Gallagher, Evelius & Jones, Baltimore, Md., and Francis L. Casey, Jr. and Hogan & Hartson, Washington, D.C., for defendant Owens-Illinois, Inc.

## MEMORANDUM AND ORDER

JAMES R. MILLER, Jr., District Judge.

All defendants in the instant action have moved for summary judgment against the plaintiff, Helen Binnix, on the ground of

the statute of limitations (Paper No. 119). The plaintiff has opposed that motion (Paper Nos. 120, 121). No hearing is necessary to decide the issue. Local Rule 6(E).

### Legal Analysis

Edward Binnix, husband of the plaintiff, Helen Binnix, was diagnosed as having asbestosis in 1967. He did not seek tort recovery for that disease. On or about October 11, 1976, he was diagnosed as having carcinoma of the lung which was metastatic to his brain. That diagnosis was confirmed by pathological testing on November 4, 1976. Mr. Binnix died on May 10, 1977. His wife filed a wrongful death action on May 8, 1980.

The defendants assert that the wrongful death action, because it was filed more than three years from the date Edward Binnix was diagnosed as having cancer, is time barred.

At issue here is the interplay between *Md.Cts. & Jud.Proc. Code Ann.* § 5–101, the general three-year statute of limitations, and *Md.Cts. & Jud.Proc. Code Ann.* § 3–901, *et seq.*, Maryland's Wrongful Death Act.

### a) General Statute of Limitations

Maryland law requires that a civil action "be filed within three years from the date it accrues unless another provision of the Code provides a different period of time within which an action shall be commenced." *Md.Cts. & Jud.Proc. Code Ann.* § 5–101. Section 5–101 does not define the term "accrues," and, therefore, "the question of when a cause of action accrues is left to judicial determination." *Pierce v. Johns-Manville,* 296 Md. 656, 664, 464 A.2d 1020 (1983).

The defendants contend, in effect, that, in a wrongful death action, a cause of action accrues when the injury resulting in death is discovered. Therefore, they argue that Mrs. Binnix's action for the death of her husband accrued on November 4, 1976, when the cancer was diagnosed, and expired three years later in 1979, approximately two years after the death of her husband. They argue that the discovery rule affects when a cause of action accrues under the Wrongful Death Act.

The date of accrual of a cause of action is not governed in every case by the judicially created discovery rule. The legislature may define accrual dates for specific causes of action. *See, e.g., Md.Com.Law Code Ann.* § 2–725(2) ("A cause of action [for breach of contract for sale] accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach."); *Md.Cts. & Jud.Proc.Code Ann.* § 5–108 (cause of action for damages against an architect, engineer or contractor accrues on the date the entire improvement became available for its intended use; cause of action exists thereafter for 10 years). In fact, it is only in the absence of statutory direction that the question of when a cause of action accrues is left to judicial determination. *See Poffenberger v. Risser,* 290 Md. 631, 633, 431 A.2d 677 (1981).

The Maryland legislature, when it passed the Wrongful Death Act, defined when a cause of action accrues under that statute. The statute requires a plaintiff to file suit "within three years after the death of the injured person." *Md.Cts. & Jud.Proc.Code Ann.* § 3–904(g). Therefore, although the defendants argue that using the date of death as the date of accrual impermissibly extends the three year statute of limitations set forth in § 5–101, such is not the case. The Wrongful Death Act merely defines the date of accrual for wrongful death actions and is in harmony with the requirement of § 5–101 that actions commence within three years of the date of accrual of the action.

That conclusion is buttressed by a review of the purpose of the Wrongful Death Act.

### b) The Wrongful Death Act

In 1906, the Court of Appeals of Maryland exhaustively analyzed the purposes behind the Wrongful Death Act, comparing and contrasting it with the Survival Statute. *See Stewart v. United Electric Light*

*and Power Co.*, 104 Md. 332, 65 A. 49 (1906). That analysis retains its validity today. *See, e.g., Smith v. Gray Concrete Pipe Co.*, 267 Md. 149, 158, 297 A.2d 721 (1972) (in *Stewart* "the differences between a wrongful death action and one brought by a personal representative were sharply defined...").

The *Stewart* court described the two types of causes of actions which remain after a person dies. The court noted that there were "two distinct lines of legislation on this subject ... one, beginning with the *Act of 1785, Ch. 80*, has relation to the survival of certain personal actions instituted in the lifetime of the plaintiff but which would have abated at the common law upon his death; the *Act of 1851, Ch. 299*, ... gives a right of action under certain conditions to designated relatives of a deceased person, but not to his personal representatives, when death has been caused by a wrongful act or by negligence." *Stewart v. United Electric Light and Power Co.*, 104 Md. at 334, 65 A. 49.

The defendants' view of the case at bar would merge those two distinct lines of legislation, but such a merger would not be appropriate.

Under the Survival Statute, *Md. Estates and Trusts Code Ann.*, § 7–401(x), a personal representative "may prosecute ... in any appropriate jurisdiction for the protection and benefit of the estate, including the commencement of a personal action which the decedent might have commenced ...." Under the Wrongful Death Act, "[a]n action may be maintained against a person whose wrongful act causes the death of another." *Md. Cts. & Jud.Proc.Code Ann.* § 3–902(a). Such an action may be brought for "the benefit of the wife, husband, parent and child of the deceased person." *Md. Cts. & Jud.Proc.Code Ann.* § 3–904(a). The two acts create different causes of action. "The suits are by different persons, the damages go into different channels, and are recovered upon different grounds, and the causes of action, though growing out of the same wrongful act or neglect, are entirely distinct." *Stewart v.*

*United Electric Light and Power Co.*, 104 Md. at 339, 65 A. 49. "Under the *Act of 1852* [the Wrongful Death Act, now codified at *Md.Cts. & Jud.Proc.Code Ann.* § 3–901 *et seq.*] there is no survival of a cause of action—the cause of action is created by it and is a new cause of action and consequently one which the decedent never had; under *sec. 103* [the Survival Statute, now codified at *Md.Estates & Trust Code Ann.* § 7–401(x)], there *is* a survival of a cause of action which the decedent had in his lifetime." *Id.* at 340, 65 A. 49 (emphasis in original). *See also Smith v. Gray Concrete Pipe Co.*, 267 Md. at 158–59, 297 A.2d 721.

The purpose of the Wrongful Death Act is "to compensate the *families* of persons killed by the wrongful act, neglect or default of another person." *Stewart*, 104 Md. at 343, 65 A. 49 (emphasis in original). It gives to the family a "new cause of action for something for which the deceased person never had, and never could have had the right to sue—that is to say, the injury resulting from his death." *Id.* at 341, 65 A. 49.

Adopting the defendants' view of the statute of limitations issue would require this court to ignore the longstanding law of Maryland that a cause of action for wrongful death does not exist until the death of an injured person. The defendants have looked to *Pierce v. Johns-Manville*, 296 Md. 656, 464 A.2d 1020 (1983), for repudiation of that longstanding view.

In *Pierce*, the plaintiff's husband had suffered from asbestosis for about eight or nine years and had not brought suit seeking compensation for that injury. He ultimately died of cancer in 1980. The plaintiff, in her capacity as personal representative and as a widow, filed suit which included both a survival action and a wrongful death action against defendant asbestos manufacturers. She sought damages "solely for the harm resulting from Pierce's lung cancer." *Id.* at 661, 464 A.2d 1020. The defendants argued that the survival action was time barred and, therefore, that "a condition precedent to filing a via-

ble wrongful death action had not been fulfilled because Pierce himself would not have been entitled to maintain an action if death had not ensued." *Id.*

The Court of Appeals directly addressed the issue of whether the survival action was time barred and concluded that, because a "cause of action for the harm resulting from lung cancer accrues when the lung cancer is or reasonably should have been discovered [and not when the disease of asbestosis is discovered]," the survival action was not barred. *Id.* at 668, 464 A.2d 1020. Since Mr. Pierce could have brought the action himself, it survived to be commenced by his personal representative. *Id.* at 669, 464 A.2d 1020.

The *Pierce* court did not address directly the issue of whether the demise of a survival action due to limitations extinguishes a wrongful death action. The court merely stated, "Thus, even if we assume that such entitlement [*i.e.*, entitlement of the deceased to have brought the action] is a condition precedent to a wrongful death action, the wrongful death action here would not be barred." *Id.* at 669, 464 A.2d 1020.

The defendants argue that the Wrongful Death Act itself requires that the injured party's cause of action not be time barred. The Act defines the wrongful act upon which the suit is based as "an act, neglect or default including a felonious act which would have entitled the party injured to maintain an action and recover damages if death had not ensued." *Md.Cts. & Jud. Proc.Code Ann.* § 3–901(e).

While the defendants are correct that a wrongful death action can only arise from an act which would have allowed the injured person to bring suit, their extension of the language of the Act to imply an across the board limitations bar on the family's cause of action if the injured person's cause is barred goes too far. In some cases, a limitations bar on the injured person's cause of action will extinguish the family's cause of action. In some cases, it will not.

For example, in *Mills v. International Harvester Co.,* 554 F.Supp. 611 (D.Md. 1982), the plaintiffs brought a wrongful death action alleging negligence, strict liability, and breach of warranty. The plaintiffs argued that their breach of warranty claim was timely because it was filed within three years of the death of their son, who was fatally injured in 1981 while riding a tractor purchased in 1970 from the defendant corporation. *Id.* at 612. But, as Judge Young pointed out, in Maryland, "a warranty action must be brought within four years of the tender of goods forming the basis of the warranty." *Id. citing Md. Com.Law Code Ann.* § 2–725. The tractor was tendered more than 10 years before the injury. *Id.* Judge Young concluded that the injured person's cause of action was time barred on the date of the injury. He would not have been entitled to bring the action. Therefore, his family could not bring a breach of warranty action for his wrongful death. *Id.* at 613.

As illustrated in *Mills,* when a cause of action is time barred at the time of the injury, the family's wrongful death cause of action does not arise. It does not arise because the injured person was never entitled to bring such an action.

In the instant case, the injured person, Mr. Binnix, was entitled to bring a personal injury action in 1976 when cancer was diagnosed. Up until he died in 1977, he continued to be entitled to bring suit. His death triggered a new cause of action for his family based on the wrongful act which allegedly injured him—*i.e.*, the act which would have entitled him "to maintain an action and recover damages if death had not ensued." *Md.Cts. & Jud.Proc.Code Ann.* § 3–901(e). In a case such as this, the statute of limitations does not bar the wrongful death cause of action. In effect, the statute of limitations that governed Mr. Binnix's claim ceased to run on his death, and a new time period began to run on the wrongful death action of his family.

Accordingly, it is this 20th day of September, 1984, by the United States District Court for the District of Maryland,

ORDERED that the defendants' motion for summary judgment be, and it is hereby, DENIED.