**Maurice I. LONG and Catherine Long**

v.

**SEARS ROEBUCK & CO., et al.**

**Civ. A. No. 92–2696 PLF.**

United States District Court,
District of Columbia.

Feb. 22, 1995.

William R. Voltz, Washington, DC, for plaintiffs.

John Llewellyn Hone, Lipshultz and Hone, Silver Spring, MD, for defendants.

## OPINION

FRIEDMAN, District Judge.

At the pre-trial conference held on January 18, 1995, the Court and the parties agreed that the Court would decide three issues in advance of the trial scheduled for March 6, 1995. These issues, on which the parties have submitted memoranda of law, are: choice of law, the applicability of the doctrine of *res ipsa loquitur*, and whether the statute of limitations has run on plaintiffs' breach of warranty claims. The Court addresses these three issues seriatim.

## I.  CHOICE OF LAW

Plaintiffs Maurice and Catherine Long are Maryland residents. On September 18, 1985, Mr. Long purchased a riding lawn tractor in the District of Columbia from Defendant Sears, Roebuck & Co., Inc., a New York corporation that conducts business in the District of Columbia. Defendant American Yard Products, Inc., a Delaware corporation, designed and manufactured the lawn tractor in South Carolina. Defendant White Consolidated Industries, Inc., also a Delaware Corporation, is the parent of American Yard Products, Inc.

Plaintiffs allege that at the time of the purchase of the lawn tractor at a Sears store in the District of Columbia, the Sears sales person discussed safety features with Mr. Long and told him that the lawn tractor possessed all the state of the art safety devices. Plaintiffs allege that Mr. Long relied on the sales person's representations in his decision to purchase the lawn tractor. Mr. Long owned and operated the lawn tractor in Maryland for over four years. On or about September 1, 1990, while operating the lawn tractor in Maryland, the lawn tractor rolled over and injured him.

Plaintiffs brought this diversity action, claiming negligence, strict liability, breach of implied warranty of merchantability, breach of implied warranty of fitness for a particular purpose, and breach of express warranty. Plaintiff Catherine Long also claims loss of consortium. Plaintiffs seek compensatory and punitive damages.

Plaintiffs claim that District of Columbia law should apply to this case, while defendants contend that Maryland law should apply. In a diversity action, the forum must apply the choice of law principles of the state or jurisdiction in which it sits. *Bledsoe v. Crowley*, 849 F.2d 639, 641 (D.C.Cir.1988). The District of Columbia employs a modified "governmental interest analysis," under which the court must evaluate the governmental policies underlying the applicable laws and then determine which jurisdiction's policy would be most advanced by having its law applied to the facts in the case. *Id.; Moore v. Ronald Hsu Const. Co., Inc.*, 576 A.2d 734, 737 (D.C.1990) (citations

omitted). Under proper conflict of laws principles, the Court is to conduct the choice of law analysis for each distinct issue being adjudicated. *In re Air Crash Disaster at Washington, D.C.,* 559 F.Supp. 333, 341 (D.D.C.1983).

■ In applying the governmental interests analysis, the courts of the District of Columbia look to the Restatement (Second) of Conflict of Laws to identify the jurisdiction with the "most significant relationship" to each issue in dispute. *Hercules & Co., Ltd. v. Shama Restaurant Corp.,* 566 A.2d 31, 40 (D.C.1989).[1] To determine which state has the most significant relationship to the dispute, the Court examines a list of contacts that states might have with the litigation. In a tort action, the Court considers the place where the injury occurred, the place where the conduct causing the injury occurred, the residence, domicile, place of incorporation or place of business of the parties, and the place where the parties' relationship, if any, is centered. Restatement (Second) of Conflict of Laws § 145 (1971). While the Restatement includes a long list of factors to be considered in evaluating the relevant importance of these contacts with the jurisdiction, *see* Restatement (Second) of Conflict of Laws § 6 (1971), the most important factors the Court should consider in a tort action are the relevant policies of the forum and of other interested states and the relative interests of those states in the determination of the particular issues. *In re Air Crash Disaster at Washington, D.C.,* 559 F.Supp. at 342.

■ First, the Court must determine whether there is a genuine conflict between the laws of the involved jurisdictions or whether there is a "false conflict." *Eli Lilly & Co. v. Home Ins. Co.,* 764 F.2d 876, 882 (D.C.Cir.1985), *cert. denied,* 479 U.S. 1060, 107 S.Ct. 940, 93 L.Ed.2d 990 (1987). A false conflict exists when either (1) the laws of the interested states are the same; (2) when those laws, though different, produce the same result when applied to the facts at issue; or (3) when the policies of one state would be advanced by the application of its law and the policies of the states whose laws are claimed to be in conflict would not be advanced by application of their law. *Biscoe v. Arlington County,* 738 F.2d 1352, 1360 (D.C.Cir.1984), *cert. denied,* 469 U.S. 1159, 105 S.Ct. 909, 83 L.Ed.2d 923 (1985); *Pearce v. E.F. Hutton Group, Inc., et al.,* 664 F.Supp. 1490, 1496 (D.D.C.1987). If a false conflict exists, the Court may apply the law of the state whose policy would be advanced by application of its law or forum law if no state's policy would be advanced by application of its law. *See Williams v. Rawlings Truck Line, Inc.,* 357 F.2d 581, 586 (D.C.Cir. 1965); *Biscoe v. Arlington County,* 738 F.2d at 1360; *In re Air Crash Disaster at Washington, D.C.,* 559 F.Supp. at 343 n. 10.

■ With respect to the negligence and strict liability claims, the Court finds that no true conflict exists. There is no difference between the law of negligence and strict liability in Maryland and in the District of Columbia, except for a cap that Maryland law places on "noneconomic" damages; such damages include pain, suffering, inconvenience, physical impairment, disfigurement, loss of consortium, or other nonpecuniary injury. Md.Cts. & Jud.Proc.Code Ann. § 11–108. Because the policy underlying the cap would not be advanced by application of Maryland law, however, a true conflict does not arise from this one difference.

A state may place a cap on damages to limit the liability of defendants resident in or doing business in the state. Because the defendants are not located in Maryland, did not do business in Maryland and did not engage in conduct in Maryland relating to plaintiffs' claims, this policy would not be advanced by applying Maryland law. On the other hand, one of the policies behind the District of Columbia's negligence and strict liability laws is to regulate conduct in the District that could cause injury. *See In re Air Crash Disaster at Washington, D.C.,* 559 F.Supp. at 345. Because the defendants do business in the District of Columbia and it was their conduct in the District that alleged-

---

1. The state with the most significant relationship will usually coincide with the state whose policy would be most advanced by application of its law. *In re Air Crash Disaster at Washington, D.C.,* 559 F.Supp. at 342.

ly led to plaintiff's injury, this District of Columbia policy would be furthered by application of its law. Accordingly, the Court shall apply District of Columbia law. *See Biscoe v. Arlington County*, 738 F.2d at 1360.

■ Even assuming there were a true conflict, the Court would apply District of Columbia law because the District of Columbia has the most significant relationship to the negligence and strict liability claims. *See* Restatement (Second) of Conflict of Laws §§ 6, 145 (1971). It is true that Maryland has an interest because the injury occurred in Maryland and the plaintiff resides in Maryland. The District of Columbia has more significant contacts with these claims, however, justifying application of its law. First, the conduct leading to the injury occurred in the District of Columbia; Sears sold the allegedly defective product to Mr. Long in the District of Columbia. Second, the seller-purchaser relationship between the parties was established and consummated in the District of Columbia. Third, Sears' alleged misrepresentation that the product had all the state of the art safety features occurred in the District of Columbia. Finally, each defendant does business in the District of Columbia. While the lawn tractor was designed and manufactured in South Carolina, it was shipped from South Carolina into the District of Columbia by American Yard Products for the purpose of sale to a consumer at the Sears store located in the District of Columbia. Neither party urges the application of South Carolina law, and plaintiffs claim that the defendants are jointly and severally liable for their negligence in the design, manufacture, sale and negligent or intentional misrepresentations to plaintiff in the District of Columbia.

The District of Columbia has an interest in deterring tortious behavior occurring in the District, and that policy is advanced by applying D.C. law. The District of Columbia also has an interest in ensuring that those conducting business in the District do not provide unsafe products to persons who have decided to shop at stores in the District and that they make accurate representations to District of Columbia consumers while doing business in the District of Columbia. Because "[t]he state where the defendant's conduct occurs has the dominant interest in regulating it and in determining whether it is tortious in character," the Court shall apply D.C. law. *Biscoe v. Arlington County*, 738 F.2d at 1361 (quoting Restatement (Second) of Conflict of Laws § 146 cmt. d (1971)).[2]

■ A false conflict also exists with respect to the breach of warranty claims. The Uniform Commercial Code sections applying to breaches of warranty have been adopted and codified in both the District of Columbia and Maryland. *See* D.C.Code §§ 28:2–313, 28:2–314, 28:2–315; Md.Com.Law Code Ann. §§ 2–313, 2–314, 2–315. Even assuming there were a genuine conflict, the Court would apply District of Columbia law because the conduct underlying the breach of warranty claims occurred in the District of Columbia: the product was sold and delivered to Mr. Long in the District of Columbia, and the express and implied warranties were made to him here. The sale of the lawn tractor carries with it an implied warranty of merchantability and an implied warranty of fitness for a particular purpose. The sale occurred in the District of Columbia, and thus any breach of those warranties also occurred here.

As for the express warranty claim, plaintiffs allege that the Sears sales representative discussed safety features with Mr. Long at the time of the sale and told him that the lawn tractor possessed all of the state of the art safety devices. Sears' alleged misrepresentations were made in the District of Columbia, plaintiff received the misrepresentations in the District of Columbia, and Sears has its place of business where the transaction with Mr. Long occurred in the District of Columbia. *See* Restatement (Second) of Conflict of Laws §§ 148(2)(a)–(d) (1971). The underlying interest the District of Co-

---

2. Indeed, the fact that the injury occurred in Maryland is a mere fortuity and was not foreseeable to the defendants. "Such lack of foreseeability on the part of the defendant[s] is a factor that will militate against selection of the state of injury as the state of the applicable law." Restatement (Second) of Conflict of Laws § 145 cmt. e. (1971).

lumbia has in preventing misrepresentations from occurring in Washington, D.C., supports applying the District's law to this alleged conduct. In addition, the District of Columbia has a significant interest in having its law applied to regulate businesses that sell products to consumers in the District of Columbia and to deter such businesses from breaching warranties made here. *See* 4 American Law of Products Liability § 46:26 (3d ed. 1990).

With respect to punitive damages, the Court need not consider whether there is a false or a genuine conflict between the law of punitive damages in Maryland and the District of Columbia. Punitive damages are not awarded to compensate a plaintiff, but to punish a defendant and to deter similar conduct by the defendant in the future. *See Pray v. Lockheed Aircraft Corp.*, 644 F.Supp. 1289, 1297 (D.D.C.1986). Plaintiffs allege that the defendants placed an allegedly defective product into commerce and misrepresented the safety features of the product in the District of Columbia. If punitive damages are awarded, they would serve to punish the defendants for conduct occurring in the District of Columbia and would deter similar conduct from occurring in the District of Columbia. Thus, the District of Columbia clearly has the most significant relationship to the dispute for purposes of applying its punitive damages law.

With respect to the loss of consortium claim, the District of Columbia applies the law of the state where the marriage is domiciled. *Stutsman v. Kaiser Foundation Health Plan*, 546 A.2d 367 (D.C.1988). The Court will apply the law of Maryland to this count, including Maryland's cap on noneconomic damages. Md.Cts. & Jud.Proc.Code Ann. § 11–108. The marriage relationship exists in Maryland and the alleged injury and damage to the marital relationship, including alleged "loss of consortium, affection, assistance, and conjugal fellowship," has occurred primarily in Maryland.

## II. RES IPSA LOQUITUR

Defendants have requested the Court to decline plaintiffs' request that the

Court instruct the jury on the doctrine of *res ipsa loquitur*. Defendants argue that plaintiffs cannot make out any of the elements necessary for the Court to give this instruction. They argue that the injury is of the sort that may occur in the absence of negligence; that the lawn tractor was not within the defendants' exclusive control; and that there were no circumstances indicating that the injury did not result from the act or omission of the plaintiff. *See Barwick v. United States*, 923 F.2d 885, 887 (D.C.Cir. 1991); *Meda v. Brown*, 318 Md. 418, 569 A.2d 202, 204 (1990).

The Court agrees that plaintiff cannot show that the event causing the injury necessarily occurred under circumstances demonstrating that the injury did not result from some factor other than defendants' negligent conduct, that this type of injury does not normally happen absent negligence, or that there was no intervening cause. It could have occurred because of plaintiff's own contributory negligence or because of "innocent conduct of a kind which would relieve the defendant of responsibility, as where a product manufactured by the defendant is put to a use for which it was not intended." 1 American Law of Products Liability § 15:13 (3d ed. 1990). Indeed, defendants contend that plaintiff was operating the tractor on wet grass and on steep grades, which led to the accident, and they have indicated that they intend to introduce evidence at trial that would demonstrate that this is the kind of use for which the lawn tractor was not intended. Accordingly, subject to permitting plaintiffs to attempt to demonstrate at the close of all the evidence that there is then a basis for the instruction, the Court has determined that the inference that "the thing speaks for itself" may not reasonably be drawn by the jury in this case, and the Court therefore will not instruct the jury regarding *res ipsa loquitur*.

## III. STATUTE OF LIMITATIONS ON WARRANTY CLAIMS

Plaintiffs and defendants agree that the statute of limitations that applies to the claims for breach of express and implied warranties is four years in both the District

of Columbia and in Maryland, both of which have adopted the Uniform Commercial Code. *See* D.C.Code § 28:2–725; Md.Com.Law Code Ann. § 2–725. The parties disagree, however, over when the statute of limitations begins to run. Plaintiffs argue that the Court should apply the discovery rule and should hold that the statute of limitations begins to run only at the time the plaintiffs knew or should have known of the injury, in this case, the day of Mr. Long's injury. They cite *Ehrenhaft v. Malcolm Price, Inc.*, 483 A.2d 1192, 1203 (D.C.App.1984). Defendants argue that under the Uniform Commercial Code the discovery rule does not apply to the kind of breach of warranty claims alleged here. The Court agrees with defendants.

The District of Columbia Code provides that "[a]n action for any breach of contract for sale must be commenced within four years after the cause of action accrues." D.C.Code § 28:2–725(1). It further provides that:

> A cause of action accrues when the breach occurs, regardless of the aggrieved parties lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

D.C.Code § 28:2–725(2).

In *Hull v. Eaton Corp.*, 825 F.2d 448, 456–57 (D.C.Cir.1987), the United States Court of Appeals for the District of Columbia Circuit declined to apply the discovery rule in a breach of warranty products liability case. The court concluded that the discovery rule was applied by the District of Columbia Court of Appeals in *Ehrenhaft* to a different type of breach of warranty claim, one involving the provision of services rather than goods. The court in *Hull* held that the rule was not applicable to cases arising under the Uniform Commercial Code, which governs the sale of goods in the District of Columbia. The court noted that the Code itself explicitly

defines when the statute of limitations accrues and that the *Ehrenhaft* court never considered warranties arising under the Uniform Commercial Code. *Hull v. Eaton Corp.*, 825 F.2d at 456 & n. 12. The court in *Hull* concluded: "We recognize that the District of Columbia may decide in the future to extend the discovery rule to a claim of this sort; we hold only that as of today the rule does not reach so far." *Id.* at 456–57 (citation omitted). The District of Columbia Circuit has since reaffirmed the holding, *Kuwait Airways Corp. v. American Sec. Bank, N.A.*, 890 F.2d 456, 460–61 (D.C.Cir.1989), and the District of Columbia Court of Appeals has not addressed the issue under the Uniform Commercial Code.

Until the District of Columbia Court of Appeals rules otherwise, the discovery rule does not apply to determine when the statute of limitations begins to run for breach of warranty products liability claims. Rather, under the statutory provision, the statute of limitations accrues when tender of delivery of the warrantied product is made. D.C.Code § 28:2–725(2). Sears tendered delivery of the lawn tractor to plaintiffs on or about September 18, 1985. Plaintiffs brought this action in 1992, well after the four year limitations period had run. Accordingly, plaintiffs' claims for breach of implied warranty of merchantability, breach of implied warranty of fitness for a particular purpose, and breach of express warranty are barred and will be dismissed prior to trial. *See Hull v. Eaton Corp.*, 825 F.2d at 456–57.[3]

An Order consistent with this Opinion is entered this same day.

SO ORDERED.

## *ORDER*

Upon consideration of the issues raised by the parties at the pre-trial conference held on January 18, 1995, and the memoranda of law submitted by the parties, and for the reasons stated in the Court's accompanying opinion, it is hereby

ORDERED that the Court will apply District of Columbia law to all of plaintiffs'

---

3. These claims would also be barred under Maryland law. *See* Md.Com.Law Code Ann. § 2–725;

*Mills v. International Harvester Co.*, 554 F.Supp. 611, 612 (D.Md.1982).

claims, except that it will apply Maryland law to plaintiff Catherine Long's claim for loss of consortium;  and it is

FURTHER ORDERED that plaintiffs' claims for breach of implied warranty of merchantability (Count II), breach of implied warranty of fitness for a particular purpose (Count III), and breach of express warranty (Count IV) are dismissed with prejudice.

SO ORDERED.