Lori **BUCCI**, Plaintiff,

v.

**KAISER PERMANENTE FOUNDA-TION HEALTH PLAN OF THE MID-ATLANTIC STATES, INC. et al., Defendants.**

Civil Action No. 00–1941 (RMU).

United States District Court, District of Columbia.

Aug. 21, 2003.

---

Mark M. Jones, Washington, DC, for Defendants.

Patrick M. Regan, Washington, DC, for Plaintiff.

### *MEMORANDUM ORDER*

URBINA, District Judge.

#### DENYING THE DEFENDANTS' MOTION TO REDUCE THE *AD DAMNUM* CLAUSE

On August 10, 2000, the defendants removed this medical malpractice case from the Superior Court of the District of Columbia. On March 3, 2003, a jury issued a $1.45 million verdict against the defendants, Kaiser Permanente Foundation Health Plan of the Mid–Atlantic States, Inc. ("Kaiser") and Mid–Atlantic Permanente Medical Group, P.C. (collectively, "the defendants"). After the trial, the defendants asked the court to consider its pre-trial request to reduce the *ad damnum* clause in the complaint to $1 million, arguing that Virginia's statutory cap of $1 million for medical malpractice awards applies to this diversity case. Defs.' Mot. to Reduce the *Ad Damnum* Clause ("Defs.' Mot.") at 1. Opposing the defendants' motion, the plaintiff relies on the analysis in *Kaiser–Georgetown Community Health Plan, Inc. v. Stutsman*, 491 A.2d 502 (D.C. 1985) and *Raflo v. United States*, 157 F.Supp.2d 1 (D.D.C.2001). Pl.'s Opp'n at 7; Pl.'s Post–Trial Brief at 5. Because the District of Columbia and Virginia have different policies regarding remedies for medical malpractice claims, and because the application of Virginia law to the remedy in this case would contravene the District's interest in protecting its workforce and promoting corporate accountability, the court denies the defendants' motion. *Raflo*, 157 F.Supp.2d at 7; *Stutsman*, 491 A.2d at 510.

United States Magistrate Judge Alan Kay's November 7, 2001 Memorandum Order sets forth the facts of this case and the general choice of law legal analysis. Order dated Nov. 7, 2001 at 1–3 (ruling on a discovery motion). Judge Kay determined that Virginia law governed the pending discovery issue. *Id.* at 3 n. 1. The defendants argue that Judge Kay's holding regarding the applicability of Virginia law also applies to the *ad damnum* clause. Defs.' Mot. at 4–5. This argument misconstrues choice of law principles, which require the court to conduct a choice of law analysis for each distinct issue that it adjudicates. *Long v. Sears Roebuck & Co.*, 877 F.Supp. 8, 11 (D.D.C.1995). Accordingly, because Judge Kay's interest analysis focuses specifically on discovery issues, it does not govern the specific issue of damages presently before the court. Order dated Nov. 7, 2001 at 2–3.

In contrast, *Stutsman* addressed the issue of damages and is directly on point. *Stutsman*, 491 A.2d at 510. *Stutsman* involved a medical malpractice suit against Kaiser and an affiliated medical group arising out of services provided at a Virginia clinic. *Id.* at 504. The plaintiff in *Stutsman* was a Virginia resident who obtained Kaiser health insurance through her District of Columbia employer. *Id.* In *Stutsman*, the court rejected Kaiser's claim that applying District of Columbia

law regarding damages would frustrate Virginia's public policy of protecting health care providers and ensuring access to health care services for its citizens by placing a cap on damages.[1] *Id.* at 510–11. The court explained that Virginia's interest in limiting damages in malpractice cases was attenuated when applied to Kaiser, a foreign corporation with its principal place of business outside the state, because the financial impact would not fall most heavily within Virginia. *Id.* at 512. The court also determined that the District of Columbia had a substantial interest in the litigation because it had an interest in protecting a member of its work force who contracts with a District corporation for health services. *Id.* at 509–10. This interest is demonstrated by the fact that the District imposes no cap on damages in malpractice cases. *Id.*

Applying *Stutsman*, another member of this court has previously concluded that District of Columbia substantive law applies to the issue of damages in a medical malpractice case. *Raflo*, 157 F.Supp.2d at 9–11. The plaintiff in *Raflo*, a Virginia resident whose insurance policy was based on his status as a retired servicemember, brought suit alleging malpractice against PHP Health Care Corporation ("PHP") and the United States arising from PHP's treatment of his wife in Virginia and the District of Columbia. *Id.* at 4. PHP was incorporated in Delaware and conducted business in 26 states. *Id.* at 6. Because PHP conducted business in the District of Columbia as well as Virginia, the District had an interest "in holding its corporations liable for the full extent of the negligence attributable to them." *Id.* at 11 (quoting *Stutsman*, 491 A.2d at 509–10). The *Raflo* court held that the application of District

of Columbia law did not contravene Virginia's interest in ensuring that its residents could obtain adequate and affordable health care because PHP's business was not concentrated in Virginia. *Id.* at 9–11. Rather, because PHP conducted significant business in the District, application of Virginia's cap would contravene the District's interest in promoting corporate accountability. *Id.*

Like the defendants in *Stutsman* and *Raflo*, the defendants in the instant matter conduct business in the District of Columbia. *Compare* Compl. ¶¶ 2, 10 *with Raflo*, 157 F.Supp.2d at 4 *and Stutsman*, 491 A.2d at 507. As in *Stutsman*, this litigation arose from health care treatment provided pursuant to a plan that the plaintiff, a Virginia resident, obtained through her District of Columbia employer. *Compare* Pl.'s Post–Trial Brief at 6 *with Stutsman*, 491 A.2d at 507. Consequently, as in *Stutsman* and *Raflo*, because the application of Virginia's cap on the plaintiff's damages award would contravene the District's interest in protecting its workforce and promoting corporate accountability, the court applies District of Columbia law to the issue of damages in this matter. *Raflo*, 157 F.Supp.2d at 7; *Stutsman*, 491 A.2d at 510.

Accordingly, it is this ____ day of August, 2003,

**ORDERED** that the defendants' motion to reduce the *ad damnum* clause is **DENIED.**

**SO ORDERED.**

---

1. Virginia's Malpractice Act caps damages for malpractice claims at $1 million. Va.Code §§ 8.01–581.1.